UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ROGER SMITH,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | No. 1:24-CV-00144-H |

**OPINION AND ORDER**

Petitioner Roger Smith, a self-represented state prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his guilty-plea conviction and 10-year sentence for aggravated assault. Respondent filed an answer with copies of Petitioner's relevant state-court records, arguing that the petition is untimely and, alternatively, that Petitioner failed to establish that the state court's rejection of his claims was objectively unreasonable. Dkt. Nos. 14, 16. Petitioner filed an untimely reply. Dkt. No. 18. As explained below, the Court concludes that the petition is untimely and without merit.

## 1. Background

In cause number 011709, styled *State of Texas v. Roger Alan Smith*, Petitioner was charged by indictment with the felony offense of aggravated assault of a public servant with a deadly weapon. *See* Dkt. No. 14-1 at 5. He pled guilty to the charge, and pursuant to the plea agreement, he was sentenced to ten years in prison.[1] *Id.* at 6. Petitioner waived his right to appeal, and he did not file any direct appeals.

Petitioner filed a state application for writ of habeas corpus on September 1, 2022, but the TCCA denied it without written order on March 29, 2023.

---

[1] Additionally, under the terms of his pela agreement, two additional unadjudicated offenses were considered under Tex. Penal Code § 12.45 for purposes of sentencing. *Id.* at 6.

Petitioner filed this federal petition on September 4, 2024.[2] The Court understands Petitioner to challenge his conviction and sentence on these grounds:

1) His arrest was illegal;

2) The arrest warrant and indictment are void;

3) His conviction violates his right to vote; and

4) There is insufficient evidence to support his conviction.

Dkt. No. 1.

Respondent argues that the Court should deny Petitioner's claims and dismiss the petition with prejudice because it is barred by the applicable statute of limitations, and Petitioner is not entitled to tolling. Additionally, Respondent argues that Petitioner waived his claims by pleading guilty. Finally, Respondent contends that the TCCA's denial of Petitioner's claims was reasonable. Thus, Respondent argues that even if the petition were timely, Petitioner is not entitled to federal habeas relief.

**2. Discussion**

The Court has reviewed Petitioner's pleadings, Respondent's answer, and the state court records submitted by Respondent. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (explaining that "a petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction"). As explained below and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

[2] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

As explained in Respondent's answer, Petitioner's petition was filed fifteen months after the expiration of the limitations period under 28 U.S.C. § 2244(d). And Petitioner has shown no rare or exceptional circumstances to excuse his late filing. *Larry v. Dretke*, 361 F.3d 890, 896–97 (5th Cir. 2004).

Alternatively, even if the Court considered Petitioner's claims timely, it would deny the petition as without merit. Petitioner's guilty plea further limits the scope of possible review in this federal habeas proceeding. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Stated differently, "[b]y pleading guilty to an offense, . . . a criminal defendant waives all non-jurisdictional defects preceding the plea." *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). Petitioner's claims here all relate to non-jurisdictional defects that occurred before his guilty plea. Thus, he waived these challenges by pleading guilty.

Finally, the records reflect that Petitioner raised these claims in his state habeas proceedings, and the Texas Court of Criminal Appeals denied them on the merits.[3] Dkt. No. 14-1 at 16. Petitioner has failed to show that the state-court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

---

[3] Under Texas law, denial of a habeas petition, rather than a dismissal, suggests that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke,* 419 F.3d 384, 398–99 (5th Cir. 2005).

In sum, Petitioner's petition is subject to dismissal as time barred. But even if Petitioner's federal petition were timely, he has failed to overcome the deferential standard of 28 U.S.C. § 2254(d). Thus, the Court denies the petition.

**3. Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

The Court therefore orders:

(1) The petition for writ of habeas corpus is denied and dismissed with prejudice.

(2) All relief not granted is denied, and any pending motions are denied.

(3) Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

Dated September 30, 2026.

JAMES WESLEY HENDRIX
United States District Judge